MANUFACTURER'S OUTLET CO. *vs.* CHARLES E. LONGLEY *et al.*

PROVIDENCE—MAY 5, 1897.

PRESENT : Stiness, Tillinghast and Douglas, JJ.

If two or more persons have maliciously combined together to induce newspaper publishers to refuse the complainant's advertisement (having threatened to withdraw their own advertisements if the former be accepted), and have made malicious statements to the publishers to the same end, complainant is not entitled to relief in equity by way of injunction.

An injunction cannot prevent continuation of influences flowing from acts of the past.

If complainant's rights have been infringed upon by the occurrences stated, his remedy would be by an action on the case for damages; and if the acts complained of constitute the criminal offence of conspiracy, the remedy for the public wrong is by complaint or indictment.

BILL IN EQUITY for an injunction to restrain the respondents from interfering with the complainant's business. Heard on demurrer to the bill.

DOUGLAS, J.   The demurrers raise the question whether the statements in the bill which are well pleaded, if unanswered, entitle the complainants to the relief prayed for.

The statements of the bill, as intended by the draughtsman, allege that the respondents maliciously combined to-

gether to induce, and did induce, certain newspaper publishers to refuse to accept advertisements from the complainants; that, in carrying out this combination, they threatened to withdraw their own advertisements if the complainants' were accepted ; that they also made malicious statements to these newspaper proprietors to the same end.

The relief asked for is an injunction forbidding the respondents from interfering with the complainants' business by repeating these acts.

We think the complainants have mistaken their remedy, if they have suffered any infringement of their legal rights. The bill contains allegations of past acts only ; none whatever of apprehended, threatened or probable wrongs, which it is the province of an injunction to prevent.   The only threats alleged are that the respondents will cease to advertise in certain newspapers if the complainants' advertisements are received.   But the threat has already been made, and its influence on the publishers has taken effect.   An injunction against repeating it would be nugatory.   If it were granted it would do the complainants no good, for the newspapers might still refuse their advertisements and the respondents still occupy their space alone to the exclusion of the complainants.   Whether the respondents fulfill such a threat and cease to advertise in these newspapers is manifestly of no interest to the complainants.   If of any account, it would be for the complainants' advantage as rivals in trade.   And so in regard to the slanders.   It is not alleged that there is any danger that they will be repeated.   They are acts of the past, and their effect has occurred.   If the influence of these acts continues, it cannot be prevented by injunction.

The remedy for such acts, if they constitute an infringement of the complainants' legal rights, which we are not here called upon to decide, is by an action on the case for damages ; or, if they constitute the criminal offence of conspiracy, the remedy for the public wrong is by complaint or indictment.   In this view of the case, it becomes unnecessary to discuss the formal or substantial defects of the bill which were urged at the hearing.

*Charles A. Wilson and Thomas A. Jenckes,* for complainants.

*James M. Ripley, John Henshaw, Clarence A. Aldrich, David S. Baker, J. Jerome Hahn, Edward D. Bassett, Edward L. Mitchell and John D. Thurston,* for the several respondents.